# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 16-02525-ESL |
| ROBERTO VELEZ BARBOSA<br>MELINES RESTO GONZALEZ | CHAPTER 13 |
| Debtor(s) | |

## MOTION TO SUBMIT NEW POST CONFIRMATION PLAN

**TO THE HONORABLE COURT:**

Comes now Debtor(s), represented by the undersigned attorney, and very respectfully aver(s) and pray(s) as follows:

1. On September 24, 2020, the Debtor(s), by and though counsel, filed a post confirmation modification plan (docket no.40).

2. Subsequently, on September 29, 2020, the Trustee filed with the Court an unfavorable recommendation to the PCM (docket no.41).

3. On September 30, 2020 the court issued an Order to Show Cause to Unfavorable Recommendation and denying a Post Confirmation Plan dated September 19, 2020.

4. On October 21, 2020, was filed an amended Schedule I & J, complying with the Unfavorable Recommendation.

5. The undersigned respectfully submits this new post confirmation modification plan dated November 5, 2020 to comply with Trustee's unfavorable report.

**WHEREFORE,** the Debtor(s) respectfully requests that this Honorable Court take notice of the abovementioned and approve the Debtor's Post Confirmation Modification Plan submitted herewith, without the need for a confirmation hearing.

**NOTICE:** Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with

the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this November 5, 2020.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants. Furthermore, I certify that notice of this motion was served by first class U.S. Mail, postage prepaid, to the non-CM/ECF participants included in the attached master address list.

**EMG Despacho Legal, CRL**
Edificio La Electrónica
Suite 212, Calle Bori 1608
San Juan, Puerto Rico 00927
Tel: (787) 753-0055
Fax: (787) 767-5015
e-mail: lcdomangual@gmail.com

**By: /s/*Edgardo Mangual González***
EDGARDO MANGUAL GONZÁLEZ
USDC No. 223113

**By: /s/*José L. Jiménez Quiñones***
JOSE L. JIMENEZ QUINONES
USDC No. 203808
e-mail: lcdojosejimenez@gmail.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:
**ROBERTO VELEZ BARBOSA**
**MELINES RESTO GONZALEZ**

xxx-xx-2185
xxx-xx-6609

**Puerto Rico Local Form G**

**Chapter 13 Plan dated**   November 5, 2020   .

Case No.: **16-02525-ESL**

Chapter 13

☐ Check if this is a pre-confirmation amended plan

☑ Check if this is a post confirmation amended plan
Proposed by:
☑ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

If this is an amended plan, list below the sections of the plan that have been changed.
**2.1, 3.1, 4.6**

---

# PART 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |

| Debtor | ROBERTO VELEZ BARBOSA | Case number | 16-02525-ESL |
|---|---|---|---|
| | MELINES RESTO GONZALEZ | | |

## PART 2: Plan Payments and Length of Plan

2.1   **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $725.00 | Months **1** through **24** | $17,400.00 | |
| $775.00 | Months **25** through **29** | $3,875.00 | |
| $800.00 | Months **30** through **60** | $24,800.00 | |
| Subtotals | **60** Months | $46,075.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2   **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

2.3   **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4   **Additional payments:**

*Check one.*

☑   **None**. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART3: Treatment of Secured Claims

3.1   **Maintenance of payments and cure of default, if any.**

*Check one.*

☐   **None**. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑   The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| BPPR | URB PRADERAS A-12 CALLE AMAZONITA Gurabo, PR | $796.10 | $3,867.45 | | | $3,867.45 |
| | | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | ____ Months  Starting on Plan Month ____ | | |

| Debtor | **ROBERTO VELEZ BARBOSA** <br> **MELINES RESTO GONZALEZ** | | | Case number | **16-02525-ESL** | |

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **FIDELITY INVESTMENTS INSTITUTIONAL OPERA** | **401(k): FIDELITY INVESTMENTS** | $111.00 <br> Disbursed by: <br> ☐ Trustee <br> ☑ Debtor(s) | $0.00 | | ____ Months  Starting on Plan Month ____ | $0.00 |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

   *Check one.*

   ☑   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*

   ☑   **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance**.

   *Check one.*

   ☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

   *Check one.*

   ☑   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

   ☑ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **POPULAR AUTO** | 150.00 | **UNTIL CONFIRMATION OF THE PLAN** |
| **RELIABLE FIN.** | 150.00 | **UNTIL CONFIRMATION OF THE PLAN** |

   *Insert additional claims as needed.*

   Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

   *Check one.*

   ☐   **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

   ☑   Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Debtor | ROBERTO VELEZ BARBOSA<br>MELINES RESTO GONZALEZ | | | Case number | | 16-02525-ESL | |

| Name of creditor | Claim ID# | Claim Amount | Modified interest rate | Modified term (*Months*) | Modified P&I | Property taxes (*Escrow*) | Property Insurance (*Escrow*) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| POPULAR AUTO | CL#3 | $17,574.74<br>☑ To be paid in full 100% | | | | | | Starting on Plan Month _ | $17,574.74 |
| RELIABLE FIN. | CL#1 | $12,005.00<br>☑ To be paid in full 100% | | | | | | Starting on Plan Month _ | $12,005.00 |

*Insert additional claims as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1  **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2  **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3  **Attorney's fees**

Check one.

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **390.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **2,610.00** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ **500.00** |

4.4  **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

Check one.

☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in **$1,473.35**

| Name of priority creditor | Estimate amount of claim to be paid |
|---|---|
| IRS | $1,473.35 |

*Insert additional claims as needed.*

4.5  **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

---

Puerto Rico Local Form G (LBF-G)   Chapter 13 Plan   Page 4
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

| Debtor | **ROBERTO VELEZ BARBOSA** | Case number | **16-02525-ESL** |
|---|---|---|---|
| | **MELINES RESTO GONZALEZ** | | |

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6** **Post confirmation property insurance coverage**
*Check one.*

☐ **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

☑ The Debtor(s) propose to provide post confirmation property insurance coverage to the secured creditors listed below:

| Name of creditor insured | Insurance Company | Insurance coverage beginning date | Estimated insurance premium to be paid | Estimated total payments by trustee |
|---|---|---|---|---|
| POPULAR AUTO | UNIVERSAL EASTERN AMERICAN INSURANCE | 04/2019 | $55.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $1,566.00 |
| RELIABLE AUTO | UNIVERSAL EASTERN AMERICAN INSURANCE | 10/2018 | $58.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $1,155.00 |

*Insert additional claims as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of $         .
☐      % of the total amount of these claims, an estimated payment of $_____.
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3** **Other separately classified nonpriority unsecured claims.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified

| Debtor | **ROBERTO VELEZ BARBOSA** | Case number | **16-02525-ESL** |
|---|---|---|---|
|  | **MELINES RESTO GONZALEZ** |  |  |

below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments to trustee |
|---|---|---|---|---|---|
| BERTHA MENENDEZ | RENT AGREEMENT | $100.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 |  | $0.00 |

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1**     **Property of the estate will vest in the Debtor(s) upon**
*Check the appliable box:*
☑   Plan confirmation.
☐   Entry of discharge.
☐   Other: _____

**7.2**     **Plan distribution by the trustee will be in the following order:**
(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1**     **Check "None" or list the nonstandard plan provisions**
☐   **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.
**8.2 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amounts, increasing the base without the need of further Notice, Hearing or Court

| Debtor | **ROBERTO VELEZ BARBOSA** | Case number | **16-02525-ESL** |
|---|---|---|---|
| | **MELINES RESTO GONZALEZ** | | |

Order. If the Debtor(s) need(s) to the use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds

**8.3 This Section modifies LBF-G, Part 3, Sections 3.1, 3.3, 3.4 & 3.7 : Retention of Lien :**
Secured creditors will retain their liens.

**8.4 This Section modifies Part 3.6 Pre-Confirmation Adequate Protection Monthly Payments ("APMP") to be paid by the trustee.**
ADEQUATE PROTECTION PAYMENT TO RELIABLE (CL#1, AUTO LOAN) IN THE AMOUNT OF $150.00 AFTERCONFIRMATION CONTINUE TO PAY $150.00 TO RELIABLE (CLAIM #1, AUTO LOAN) SIMULTANEOUSLY WITH THEATTORNEY FEES UNTIL THESE ARE PAID. THEREAFTER, RELIABLE (CLAIM#1, AUTO LOAN) WILL BE PAIDPRORATA WITH OTHER SECURED PROVISION. INSURANCE TO BE PROVIDED AT MATURITY DATE (10/2018) TORELIABLE BY EASTERN AMERICAN UNIVERSAL INSURANCE THROUGH THE PLAN BY TRUSTEE.

ADEQUATE PROTECTION PAYMENT TO POPULAR AUTO (CLAIM #3, AUTO LOAN) IN THE AMOUNT OF $150.00. AFTERCONFIRMATION CONTINUE TO PAY $150.00 TO POPULAR AUTO (CLAIM #3, AUTO LOAN) SIMULTANEOUSLY WITH THEATTORNEY FEES UNTIL THESE ARE PAID. THEREAFTER, POPULAR AUTO (CLAIM#3, AUTO LOAN) WILL BE PAIDPRORATA WITH OTHER SECURED PROVISION. INSURANCE TO BE PROVIDED AT MATURITY DATE (04/2021) TO POPULARAUTO BY EASTERN AMERICAN UNIVERSAL INSURANCE THROUGH THE PLAN BY TRUSTEE

**8.5 This Section modifies LBF-G, Part 2, Section 2.4:**
Any non-exempt proceeds received from state court action against GROVE HOTEL GROUP, LTD. AND SCALA'S GROUP, INC., will be used to fund the plan. After its confirmation, and without further notice, hearing or court order, the plan shall be deemed modified by increment in its base, in an amount equal to the amount received from the non-exempt proceeds. This judicial tort complaint is a portion of the asset which may produce a liquidation value for the estate in the amount of $11,285.00 at presente value for $13,090.00 and such value is contingent on the outcome of the complaint.

*Insert additional lines as needed.*

## PART 9: Signature(s)

| /s/ Lcdo. Edgardo Mangual Gonzalez | Date | **November 5, 2020** |
|---|---|---|
| **Lcdo. Edgardo Mangual Gonzalez 223113** | | |
| **Signature of Attorney of Debtor(s)** | | |

| /s/ ROBERTO VELEZ BARBOSA | Date | **November 5, 2020** |
|---|---|---|
| **ROBERTO VELEZ BARBOSA** | | |
| /s/ MELINES RESTO GONZALEZ | Date | **November 5, 2020** |
| **MELINES RESTO GONZALEZ** | | |

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 16-02525-ESL13<br>District of Puerto Rico<br>Old San Juan<br>Fri Apr 8 11:16:19 AST 2016 | RELIABLE FINANCIAL SERVICES<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 | US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 |
| AMERICAN AIRLINE CREDIT UNION<br>PO BOX 660493<br>DALLAS, TX 75266-0493 | AMERICAN EXPRESS<br>PO BOX 297879<br>FORT LAUDERDALE, FL 33329-7879 | AUTORIDAD DE ENERGIA ELECTRICA<br>P.O. BOX 363508<br>SAN JUAN, PR 00936-3508 |
| BANCO SANTANDER<br>PO BOX 362589<br>SAN JUAN, PR 00936-2589 | BPPR<br>P.O. BOX 362708<br>SAN JUAN, PR 00936-2708 | COLON ATIENZA LEGAL &<br>REPOSSESSION SERVICES, PSC.<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 |
| CREDIT MANAGEMENT LP<br>4200 INTERNATIONAL PKWY<br>Carrollton, TX 75007-1912 | FIDELITY INVESTMENTS INSTITUTIONAL OPERA<br>82 DEVONSHIRE STREET<br>Boston, MA 02109-3614 | INTERNAL REVENUE SERVICES<br>2970 MARKET STREET<br>MAIL STOP 5 Q-30.133<br>PHILADELPHIA, PA 19104-5002 |
| IRS<br>PO BOX 7346<br>PHILADELPHIA, PA 19101-7346 | PAY PAL BUYER CREDIT<br>P.O. BOX 960080<br>ORLANDO, FL 32896-0080 | POPULAR AUTO<br>P.O. BOX 366818<br>SAN JUAN, PR 00936-6818 |
| ALEJANDRO OLIVERAS RIVERA<br>ALEJANDRO OLIVERAS CHAPTER 13 TRUS<br>PO BOX 9024062<br>SAN JUAN, PR 00902-4062 | EDGARDO MANGUAL GONZALEZ<br>EMG DESPACHO LEGAL, CRL.<br>EDIFICIO LA ELECTRONICA<br>SUITE 201-A, CALLE BORI 1608<br>SAN JUAN, PR 00927-6112 | MELINES RESTO GONZALEZ<br>PO BOX 7601<br>CAGUAS, PR 00726-7601 |
| MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 | ROBERTO VELEZ BARBOSA<br>PO BOX 7601<br>CAGUAS, PR 00726-7601 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| (d)RELIABLE FINANCIAL SERVICES, INC.<br>P.O. BOX 21382<br>SAN JUAN, PR 00928-1382 | End of Label Matrix<br>Mailable recipients   19<br>Bypassed recipients    0<br>Total                   19 |